# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RAYMOND E. ADAMS, II                                                                PLAINTIFF

v.                              No. 3:17CV00129 JLH

UNITED STATES OF AMERICA                                         DEFENDANT

## ORDER

Raymond E. Adams, II, has filed a *pro se* complaint against the United States of America along with a supplement to that complaint that is almost twelve hundred pages long. In addition, he has filed a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel.

The Eighth Circuit has directed courts to undertake a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id*. Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id*. Section 1915(e)(2)(B) authorizes a district court to dismiss "at any time" an in forma pauperis complaint that is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief.

The first issue is whether these provisions authorize pre-service screening and dismissals of nonprisoner complaints. The federal *in forma pauperis* statute was enacted in 1892 and subsequently codified as 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989). Prior to 1996, section 1915(d) authorized a court to request an attorney to represent a person who was unable to afford counsel and to dismiss the case if the allegation of poverty was untrue or the action was frivolous or malicious. 28 U.S.C. § 1915(d) (1994). Although

section 1915 was extensively amended by the Prisoner Litigation Reform Act of 1996, it remains the statutory authority for a federal court to authorize persons—not only prisoners—to proceed *in forma pauperis*. With the enactment of the Prisoner Litigation Reform Act, the former section 1915(d), which, again, applied to persons, not just prisoners, became section 1915(e). Subsection (e)(1) currently provides that the court may request an attorney to represent "any person" who is unable to afford counsel. Subsection (e)(2) provides authority for the court to dismiss "the case at any time" if "(A) the allegation of poverty is untrue; or (B) the action on appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." Thus, the former section 1915(d) became section 1915(e) with two subsections, one that included the prior statute's authority to request counsel to represent an indigent and another that authorized courts to dismiss cases. The subsection that authorized dismissal was expanded to make clear that courts could dismiss a case "at any time," and the grounds for dismissal were expanded to include not only that the action is frivolous or malicious but also that the complaint fails to state a claim upon which relief may be granted and that monetary relief is sought from a party who is immune from such relief. The old section 1915(d) applied to "any person"; so does the new section 1915(e). Section 1915(e)(1) explicitly applies to "any person." Section 1915(e)(2) authorizes dismissal of "the case at any time" on the specified grounds. It is impossible to extract subsection (e)(2)(B)(ii) from the remainder of section 1915(e) and construe it as authorizing pre-service dismissal only of prisoner cases.

Thus, every circuit court to address the issue has held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B). *See Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (holding that 28 U.S.C. § 1915(e)(2)(B) "governs IFP filings in

addition to complaints filed by prisoners"); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (applying section 1915(e)(2)(B) to nonprisoner after explaining that "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("While section 1915(e) applies to all *in forma pauperis* complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (holding that "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike"); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (noting that in contrast to 28 U.S.C. § 1915A, "§ 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants"); *see also Merryfield v. Jordan*, 584 F.3d 923, 926 n.3 (10th Cir. 2009); *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002). The Eighth Circuit has on several occasions affirmed decisions dismissing nonprisoner cases under section 1915. *See, e.g., Stebbins v. Stebbins*, 575 Fed. Appx. 705 (8th Cir. 2014) (unpublished per curiam); *Fogle v. Blake*, 227 Fed. Appx. 542 (8th Cir. 2007); *Benter v. Iowa*, 221 Fed. Appx. 471 (8th Cir. 2007); *Carter v. Bickhaus*, 142 Fed. Appx. 937 (8th Cir. 2005) (unpublished per curiam).

Based on the financial information provided by Adams, the Court concludes that he is entitled to proceed *in forma pauperis*. According, his motion to proceed *in forma pauperis* is GRANTED. Document #1.

This is the second complaint that Adams has filed in this Court this year. The first case, which is referenced in the present complaint, was *Adams v. USA*, Case No. 3:17CV00035-DPM.

The Honorable D. Price Marshall dismissed that complaint as frivolous. Adams has filed a notice of appeal from that decision.

In his complaint in this case, Adams complains, in part, about the decision of Judge Marshall in his prior case. To the extent that he argues that Judge Marshall erroneously dismissed his case as frivolous, those issues are for the Eighth Circuit, not this Court, to decide.

The Court must decide if the complaint is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a party immune from suit. 28 U.S.C. § 1915(e)(2)(B). Any of these grounds will provide a sufficient basis for a court to dismiss the complaint before service of process and without leave to amend. *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). A claim is frivolous if it "describ[es] fantastic or delusional scenarios," "its factual contentions are clearly baseless," or "lacks an even arguable basis in law." *Neitzke v. Williams*, 490 U.S. at 327-29, 109 S. Ct. at 1833. The present complaint, like the first one that Adams filed, is frivolous.

The complaint of Raymond E. Adams, II, is dismissed with prejudice. His motion for appointment of counsel is denied as moot. Document #3.

IT IS SO ORDERED this 26th day of June, 2017.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE